**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Sanchez, | No. CV-25-02904-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is an appeal of the Commissioner's denial of Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability. (Doc. 1.) Plaintiff filed a complaint with this Court seeking judicial review of that denial. (*Id.*) After reviewing the briefs (Doc. 13, 15-16), and the Administrative Record (Doc. 10, "A.R."), the Court affirms the decision of the Commissioner.

## I.    BACKGROUND

### A. Procedural History

Plaintiff filed for a period of disability, disability insurance benefits, and supplemental security insurance on December 16, 2020. (A.R. at 15.) In the applications, Plaintiff alleged disability beginning September 1, 2017. (*Id.*) All claims were denied initially on July 6, 2022, and again after reconsideration on July 10, 2023. (*Id.*)

Plaintiff then filed a written request for hearing received July 13, 2023. (*Id.*) Following the hearing on April 18, 2024, the Administrative Law Judge ("ALJ") issued an

opinion on July 18, 2024, in which the ALJ found Plaintiff not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (*Id.* at 27.) The Appeals Council affirmed the denial. (A.R. at 1). Plaintiff now seeks review of the decision. (Doc. 1.)

### B. ALJ Determination

The ALJ concluded that Plaintiff "meets the insured status requirements of the Social security Act through March 31, 2022." (A.R. at 18.) The ALJ then concluded that Plaintiff "has not engaged in substantial gainful activity since September 1, 2017, the alleged onset date." (*Id.*) The ALJ then determined Plaintiff had the following severe impairments: "seizure disorder; a history of traumatic brain injury; schizotypal personality disorder; unspecified depressive disorder; and unspecified anxiety disorder." (*Id.*) The ALJ next concluded that Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, and Appendix 1." (*Id.*) The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"):

> To perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, he can lift and/or carry 50 pounds occasionally, 25 pounds frequently, stand and/or walk a total of 6 hours in an 8-hour workday, and sit for a total of 6 hours in an 8-hour workday. He can push and/or pull without limit other than as shown for lift and carry. He can frequently climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and he can occasionally crawl. He can balance without limit, but he cannot work around hazards such as dangerous moving machinery and unprotected heights. The claimant can perform simple, repetitive tasks and he can maintain attention and concentration for 2-hour segments before and after the normal breaks. He can tolerate occasional changes in the work setting. He can have frequent contact with coworkers and supervisors, but he should have no contact with the general public.

(*Id.* at 21.)

The ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 25.) Examples of such jobs included floor waxer, automobile detailer, and vegetable harvest worker. (*Id.* at 26.)

Accordingly, the ALJ concluded that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (*Id.* at 27.)

## II.     LEGAL STANDARD

Generally, a reviewing court addresses only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is unsupported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant is not working in a substantially gainful activity, then the claimant's case proceeds to step two. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant's impairment is severe, then the inquiry proceeds to step three. *See id.* At step three, the ALJ considers whether the

claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, then the ALJ assesses the claimant's RFC to determine whether the claimant is still capable of performing past relevant work before moving to step four. *Id.* § 416.920(a)(4)(iv), (e)-(f). At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of past relevant work. *Id.* If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v), (g). If so, the claimant is not disabled; if not, the claimant is disabled. *Id.*

## III.   DISCUSSION

Plaintiff argues the ALJ's RFC determination (1) failed to account for the ALJ's findings under the "Psychiatric Review Technique" that Plaintiff was moderately limited in his ability to concentrate, persist, or maintain pace despite ample evidence supporting the need for this limitation, and (2) the ALJ failed to account for the "total limiting effects" of Plaintiff's impairments. (Doc. 13 at 1.)

### A.  Residual Functional Capacity Determination

Plaintiff argues that the ALJ erred in his RFC determination because the ALJ "failed to account for the ALJ's own finding under the Psychiatric Review Technique" at step three that Plaintiff was moderately limited in his ability to concentrate, persist, or maintain pace despite ample evidence supporting the need for this limitation." (Doc. 13 at 18.) In other words, Plaintiff is arguing that the ALJ's RFC determination failed to account for the limitations the ALJ identified at step three. (Doc. 13 at 17.)

At step three, the ALJ identified a moderate limitation "with regard to concentrating, persisting, or maintaining pace." (A.R. at 20.) In the RFC determination the ALJ concluded Plaintiff can "perform simple, repetitive tasks and he can maintain attention and concentration for 2-hour segments before and after the normal breaks." (*Id.* at 21.)  Plaintiff

- 4 -

argues that the ALJ failed to create a "logical bridge" between his findings at step three and the RFC used at step four. (Doc. 13 at 18.)

The Court finds that substantial evidence supports the ALJ's determination of Plaintiff's limitations at step three and his RFC determination at step four. In determining Plaintiff's limitations at step three, the ALJ notes that Plaintiff reported "he has limitations in concentration and attention span, following written instructions, and maintaining a regular work schedule." (A.R. at 20.) The ALJ then explained that Plaintiff's reported limitations are inconsistent with other evidence of record, stating Plaintiff, "also reported that he can prepare simple meals, read, play video games, use the internet, and manage his own money. (*Id.*) The ALJ continues saying Plaintiff, "was able to complete all psychological testing and obtained a score of 29 out of 30. . . The record fails to show any significant mention of distractibility, nor does it show an inability to complete testing that assesses concentration and attention." (*Id.* (citing A.R. at 36-64, 386-94, 398-405, 463-523, 524-584, 628, 636, 637-642.) Therefore, substantial evidence supports the ALJ's decision that Plaintiff has a moderate limitation "with regard to concentrating, persisting, or maintaining pace."

The Court likewise finds substantial evidence supports the ALJ's RFC determination that Plaintiff can "perform simple, repetitive tasks and he can maintain attention and concentration for 2-hour segments before and after the normal breaks." (A.R. at 21.)[1] Plaintiff argues that the RFC does not "reflect the ALJ's own finding that Plaintiff was moderately limited in this area." (Doc. 13 at 19 (citing *Yazzie v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00688-PHX-DJH, 2023 WL 6306453, at *3 (D. Ariz. Sept. 28, 2023) (remanding because the ALJ's RFC failed to account for the ALJ's finding that Plaintiff had moderate limitations with concentration, persistence, and pace at step three).)

The case before this Court is distinguishable from *Yazzie* because the ALJ in *Yazzie* was persuaded by the opinions of the state agency psychological consultant doctors but

---

[1] In the RFC, the ALJ further limited Plaintiff to "occasional changes in the work setting" and "no contact with the general public." (A.R. at 21).

failed to sufficiently explain why the ALJ did not incorporate the limitations expressed by those doctors in the final RFC determination. *Yazzie,* 2023 WL 6306453 at \*4. Here, the ALJ found the opinions from the State agency psychologists regarding Plaintiff's mental impairments persuasive. The ALJ explained that the State agency psychologist's "determined that the claimant's medically determinable mental impairments were severe but caused no more than moderate limitations in the B criteria." (A.R. at 24 (citing A.R. at 84-110, 112-122, 123-133)) (quotation omitted). Unlike *Yazzie*, here the ALJ incorporated the limitations found in the psychologists' opinions into the RFC. For example, Dr. Petzelt opined, "the claimant has the ability to focus attention on work activities and stay on task at a sustained rate for simple and lower-level detailed tasks for 2-hour periods." (A.R. at 106.) This limitation is accurately reflected in the RFC's limitations. Therefore, substantial evidence supports the ALJ's RFC determination.

### B. Medical Evidence

Plaintiff also argues the ALJ "failed to account for the 'total limiting effects' of Plaintiff's impairments." (Doc. 13 at 22.)  Plaintiff specifically argues that the ALJ "despite finding Dr. Mogrovejo's opinion persuasive. . . failed to explain why he did not adopt the full set of limitations opined" (*Id.* at 23) and the ALJ erred in the "rejection of medical opinions by Dr. Hauke and Dr. Williamson." (*Id.* at 24.)

An ALJ must assess all the medical evidence when formulating a claimant's RFC. 20 C.F.R. § 404.1545(a)(1). RFC is an administrative, not medical, finding concerning a claimant's ability to work. *Id.* § 404.1546. In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each treating or examining doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (quoting *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)). Under the revised regulations applicable here,[2] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R.

---

[2] Plaintiff filed his benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

§ 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence.'" *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

Dr. Mogrovejo, a state agency psychologist, evaluated the Plaintiff's records in July 2023. (A.R. at 116.) Plaintiff points to Dr. Mogrovejo's report indicating Plaintiff has moderate limitations in his abilities to concentrate, persist, or maintain pace and interact with others. (*Id.*) Plaintiff argues the ALJ failed to explain why he did not adopt Dr. Mogrovejo's limitation into the RFC. (Doc. 13 at 23.) The Court finds substantial evidence to support the ALJ's RFC determination. Dr. Mogrovejo's opined limitations match the ALJ's step three determination. Therefore, the above reasoning in finding substantial evidence to support the ALJ's step three and step four determinations applies equally here.

Dr. Williamson evaluated Plaintiff on May 18, 2022. (A.R. at 628.) The ALJ summarized Dr. Williamson's medical opinion as opining that "the claimant's ability to maintain concentration, attention, persistence, and pace was mild to severely impaired." (A.R. at 25.) The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Williamson's opinion. In addressing supportability and consistency, the ALJ explained that Dr. Williamson's opinion "is not supported by the claimant's own reports at the evaluation that he can handle cash appropriately, helps with household chores, and plays video games online with friends. (*Id.* (citing A.R. at 628-636.) The ALJ further found the opinion to be inconsistent with the "generally normal mental status and psychiatric findings contained in the greater record." (*Id.* (citing A.R. at 597, 615, 667, 674, 686).) Therefore, substantial evidence supports the ALJ's decision to find Dr. Williamson's opinion unpersuasive due to inconsistency with the Plaintiff's own reports and other medical

evidence of record.

Dr. Hauke evaluated Plaintiff on June 29, 2023. (A.R. at 637.) The ALJ summarized Dr. Hauke's evaluation as follows: "Dr. Hauke opined the claimant 'seemed unable' to interact appropriately, respond to changes in the work setting, or sustain focus for long periods." (A.R. at 25.) The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Hauke's opinion. In addressing supportability and consistency, the ALJ explained that Dr. Hauke's opinion "is not supported by her own testing, including a mini mental status exam score of 29 out of 30, indicating cognitive functioning within normal limits." (*Id.*) The ALJ then goes on to say "Dr. Hauke's opinion is also indefinite in the use of 'seems [un]able'. Accordingly, it may not be the most the claimant can do despite impairment related limitations." (*Id.*)  The ALJ further found the opinion to be inconsistent with the "generally normal mental status and psychiatric findings contained in the greater record." (*Id.* (citing A.R. at 597, 615, 667, 674, 686).) Therefore, substantial evidence supports the ALJ's decision to find Dr. Hauke's opinion unpersuasive and unsupported due to inconsistencies with the doctor's own testing and other medical evidence of record.

## IV.    CONCLUSION

The Court finds that substantial evidence supports the ALJ's decision. Therefore,

**IT IS ORDERED affirming** the ALJ's decision (A.R. at 15-27).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter final judgment consistent with this Order and close this case.

Dated this 15th day of July, 2026.

James A. Teilborg
Senior United States District Judge

- 8 -